

# PHYSICIAN'S REPORT/TREATMENT PLAN
## FOR INDUSTRIAL
## INJURY OR OCCUPATIONAL DISEASE

**INSTRUCTIONS:**
- Please print or type this report.
- Complete Part I AND Part II of this form if this is the initial report/treatment plan OR diagnosis has changed.
- If this is a subsequent treatment plan, complete Part II only.
- Attach additional file notes if needed.
- **MAIL OR FAX TO EMPLOYER'S MCO OR SELF INSURING EMPLOYER.**

## PART I (Must be completed for initial visit)

**1** Injured worker name
Jim Fowler

SSN # 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

Claim number

**2** Employer
Summa Health System

**3a** Date of injury (or diagnosis of disease)
11/98

**3b** Date last worked
11/2/98

**3c** Date of initial treatment

**3d** Date of return to work
☐ Estimated or
☐ Actual

**4** Subjective complaints
Unable to write. Tingling & Numbing sensation in fingers.. Loss of strength in hand, wrist

**5** Objective findings
Reduced nerve conduction

**6** Provide current diagnosis and ICD-9-code(s). If more than one diagnosis described, indicate by checking the primary ICD-9-code for the injury or occupational disease and date identified

☐ 1. Carpel tunnel
☐ 2. Thoracic out let syndrome
☐ 3. _____
☐ 4. _____
☐ 5. _____
☐ 6. _____

Date primary ICD-9-code identified __11/98__

**7** In your opinion is there a causal relationship between the diagnosis identified above and the description of the accident/exposure that resulted in this injury or occupational disease. ☒ Yes ☐ No . . . If no, please explain.

**8** Are there any pre-existing conditions, impairments, complicating factors or disease processes which have been aggravated as a result of the injury? ☒ No ☐ Yes . . . If yes, describe (attach additional sheet if necessary)

PART II on reverse side

BWC-1113 (12/22/97)

U.S. Department of Labor
Employment Standards Administration
Wage & Hour Division

**SUMMA HEALTH SYSTEM**
**Certification of Health Care Provider**
**(Family and Medical Leave Act of 1993)**

SECTION 1 TO BE COMPLETED
BY THE PHYSICIAN
SECTION 2 TO BE COMPLETED
BY THE EMPLOYEE

**SECTION 1 (TO BE COMPLETED BY THE PHYSICIAN):**

1. Employee's Name: Jan D. Fowler

2. Patient's Name (if different from employee):

3. Patient's Relationship to Employee:

4. The attached sheet (green copy) describes what is meant by a "serious health condition" under the Family and Medical Leave Act. Does the patient's condition [1] qualify under any of the categories described? If so, please check the applicable category:

(1)_____ (2)_____ (3)_____ (4) ✓ (5)_____ (6)_____, or None of the above_____

5. Describe the medical facts which support your certification, including a brief statement as to how the medical facts meet the criteria of one of these categories:
— numbness of hand
weakness

6a. State the approximate date the condition commenced, and the probable duration of the condition (and also the probable duration of the patient's present incapacity [2] if different):
9/98

6b. Will it be necessary for the employee to take work only intermittently ___yes___, or to work on a less than full schedule as a result of the condition (including for treatment described in Item 7 below)? _____

If yes, give the probable duration: 1-2 weeks at a time

6c. If the condition is a chronic condition (see green copy condition #4) or pregnancy, state whether the patient is presently incapacitated [2] and the likely duration and frequency of episodes of incapacity [2]:
chronic → carpel tunnel

7a. If additional treatments will be required for the condition, provide an estimate of the probable number of such treatments.
yes brace, surgery

If the patient will be absent from work or other daily activities because of treatment on an intermittent or part-time basis, also provide an estimate of the probable number and interval between such treatments, actual or estimated dates of treatment if known, and period required for recovery if any:
yes physical therapy
1-2 wks

7b. If any of these treatments will be provided by another provider of health services (e.g. physical therapist), please state the nature of the treatments:
physical theraphy/hand services

7c. If a regimen of continuing treatment by the patient is required under your supervision, provide a general description of such regimen (e.g. prescription drugs, physical therapy requiring special equipment): 
— MOTRIN
— BRACE

Section 1 Continued Next Page

[1] Here and elsewhere on this form, the information sought relates only to the condition for which the employee is taking FMLA leave.
[2] "Incapacity," for purposes of FMLA, is defined to mean inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefor, or recovery therefrom.

Form WH-380

**8a.** If medical leave is required for the employee's absence from work because of the employee's own condition (including absences due to pregnancy or a chronic condition), is the employee unable to perform work of any kind?

*yes* *not now*

**8b.** If able to perform some work, is the employee unable to perform any one or more of the essential functions of the employee's job (the employee or the employer should supply you with information about the essential job functions)?_____ If yes, please list the essential functions the employee is unable to perform:

*should be able to return to light duty from 11/30/98*

**8c.** If neither a. nor b. applies, is it necessary for the employee to be absent from work for treatment?

*yes* (2) *Physical Theraphy*

**9a.** If leave is required to care for a family member of the employee with a serious health condition, does the patient require assistance for basic medical or personal needs or safety, or for transportation?

**9b.** If no, would the employee's presence to provide psychological comfort be beneficial to the patient or assist in the patient's recovery?

**9c.** If the patient will need care only intermittently or on a part-time basis, please indicate the probable duration of this need:

*ERWIN MASEELALL*
*MD*

*W W Maseelall MD*

**(Signature of Health Care Provider)**          **(Name of Health Care Provider) Print**          **(Date)** *11/30/98*

*75 ARCH ST*          *330 376 1046*          *376 0130*

**(Street)**          **(Phone Number)**          **(Fax Number)**

*AKRON OH 44302*

**(City, State, Zip)**          **(Type of Practice)**

---

## SECTION 2 (TO BE COMPLETED BY THE EMPLOYEE):

**1.**      TO BE COMPLETED BY THE EMPLOYEE NEEDING FAMILY LEAVE TO CARE FOR A FAMILY MEMBER:  Describe the care you will provide and estimate the period of time during which care will be provided.  Include a schedule if leave is to be taken intermittently or if it will be necessary for you to work less than a full work schedule:

By signing below, I authorize Release of Medical Information to my employer, Summa Health System.  I understand that falsification of any information contained on this form will result in immediate termination of my employment with Summa Health System.

**(Employee Signature)**          **(Date)**          **(Employee Social Security #)**

Return to:     Employee Benefits Department, Summa Health System, 400 W Market Street, Suite 200, Akron, OH 44309
Phone (330) 996-8500  Fax (330) 996-8653

# RETURN TO WORK OR SCHOOL

Date: 3/30/99

To whom it may concern:

__Ian Fowler__ was seen in this office on

Diagnosis: 354.0  726.9  354.2  727.03

Patient may return to ☒Work  ☐School:

Estimated date: _____   Actual date: _____

☐ Full duty   ☒ Light duty

Patient is excused from physical education until: _____

**CRYSTAL CLINIC, INC.**
3975 Embassy Parkway • Akron, OH 44333

☐ Crystal Arthritis Center Division
Suite 101
330-668-4045

☐ Orthopaedic Surgeons Division
Suite 102
330-668-4040

☒ Summit Hand Center Division
Suite 201
330-668-4055

☐ Falls Orthopaedic Surgeons Division
437 Portage Trail, Cuyahoga Falls, OH 44221
330-929-9136

**Remarks:** Light duty employment
for 6 weeks. — frequent breaks.
with varied activities — avoid
repetetive activities with both hands

Physician Signature _____ -MD-

Physician Name (printed) Nina M. Njus



# RETURN TO WORK OR SCHOOL

Date: 5/19/99

To whom it may concern:

Patient was seen in this office on 5/19/99

Diagnosis: 354. 12 L &a 354.12 R 772.03

Patient may return to ☐ Work, ☐ School:

Estimated date: _____

☐ Full duty  ☐ Light duty

Patient is excused from any job/educational function

Actual date: 5/24/99

Remarks: _____

Physician signature: _____

Physician Name (printed): MINNITIS

CRYSTAL CLINIC, INC.
3975 Embassy Parkway, Akron, OH 44333

☐ Crystal Arthritis Center Division
Suite 101                                    330-668-4015

☐ Orthopaedic Surgeons Division
Suite 102                                    330-668-4040

☒ Summit Hand Center Division
Suite 201                                    330-668-4065

☐ Falls Orthopedic Surgeons Division
437 Portage Trail Cuyahoga Falls, OH 44221   330-929-3136

# INTERNAL MEDICINE OF AKRON, INC.

Professional Center North
75 Arch Street, Suite 501
Akron, OH 44304-1490
Fax 330-376-0130

**ERWIN A. MASEELALL, M.D.**
Board Certified in Internal Medicine
330-376-1046

**MICHAEL R. GEDEON, M.D.**
Board Certified in Internal Medicine
330-376-1071

**JEFFREY M. ECKMAN, M.D.**
Board Certified in Internal Medicine
330-376-2728

September 27, 1999

Geoffrey Shapiro
Shapiro, Pendis and Associates Company LPA
Rockerfeller Building
614 Superior Avenue West
15th Floor
Cleveland, Ohio 44113

RE: Jan D. Fowler
DOB: 7-30-65

Dear Mr. Shapiro:

This is letter is in response to your inquire of September 23, 1999 regarding Jan D. Fowler.

I have been following Jan Fowler for tingling and numbness in the hands related to filing at her job at Akron City Hospital. These symptoms were particularly in the right hand. My impression was that this patient was suffering from bilateral carpal tunnel syndrome.

My clinical impression was supported by a nerve conduction study done on 11-12-98 by the neurologist Dr. Lawrence Saltis.

The impression with nerve conduction studies shows a mononeuritis multiplex picture consistent with left ulnar neuropathy without entrapment of the elbow and with a right median century neuropathy. Use of the carpal tunnel brace, B-6 vitamin and rest improved this patient's symptoms tremendously.

I feel that clinically this patient's symptoms related to her hands were as a result of carpal tunnel syndrome. The use of her hand in the manner described brings on these symptoms.

If you have any question please feel free to write to me.

Sincerely,

*Erwin Maseelall*

Erwin A. Maseelall, M.D.

EAM/mrk

**Fowler, Jan**

| | |
|---|---|
| **From:** | Fowler, Jan |
| **Sent:** | Monday, October 11, 1999 9:32 AM |
| **To:** | Fischer, Jessica |
| **Subject:** | Carpal Tunnel and Tendonitis. |

JC,

I just wanted to let you know that the condition of my hands are worsening.

*Jan D. Fowler*

## Fowler, Jan

| | |
|---|---|
| **From:** | Fowler, Jan |
| **Sent:** | Thursday, October 28, 1999 3:53 PM |
| **To:** | Fischer, Jessica; Savene, Susan |
| **Cc:** | Wilhoite, David |
| **Subject:** | FW: Attendance Question |

Oops sent the wrong one previously!

-----Original Message-----

| | |
|---|---|
| **From:** | Fowler, Jan |
| **Sent:** | Thursday, October 28, 1999 3:46 PM |
| **To:** | Savene, Susan; Fischer, Jessica |
| **Cc:** | Wilhoite, David |
| **Subject:** | RE: Attendance Question |

J.C.,
Has Sue gone over the time that was missed below with you?  I know I spoke with you concerning the two physician appointments that I had on Wednesday, October 20,1999. I was unsure as to what time I would be returning, or if I would be returning at all.  I had this conversation with you on Tuesday,October 19,1999 when I was having alot of difficulties with my hands, and I had called Dr.Njus's office to see if they could fit me in any earlier than Wednesday October 27,1999. The doctors appointment was rescheduled for that day at 11:00 with some testing scheduled for Wednesday October 20,1999, which was learned about during the appointment.  At that time I needed to know if I should clock out the next day or should I just record the time that was missed in the time and attendance book. Since I was told to clock out when I left, I assumed that the time I missed was PTO time.

-----Original Message-----

| | |
|---|---|
| **From:** | Savene, Susan |
| **Sent:** | Thursday, October 28, 1999 1:07 PM |
| **To:** | Fowler, Jan |
| **Subject:** | RE: Attendance Question |

Jan,
Were you at the doctor's office the entire 6 hours?
Susan

-----Original Message-----

| | |
|---|---|
| **From:** | Fowler, Jan |
| **Sent:** | Thursday, October 28, 1999 1:02 PM |
| **To:** | Savene, Susan |
| **Subject:** | RE: Attendance Question |

I went to a doctors appointment for my carpal tunnel.
*Jan D. Fowler*

-----Original Message-----

| | |
|---|---|
| **From:** | Savene, Susan |
| **Sent:** | Wednesday, October 27, 1999 4:20 PM |
| **To:** | Fowler, Jan |
| **Subject:** | Attendance Question |

Jan,
During my completion of the Time and Attendance of the P.E. 10/23/99 I noticed that on 10/20/99 you only worked 2 hours.  I need some explanation as to why you were only in for two hours on that day.
Thank you
Susan

1

# RETURN TO WORK OR SCHOOL

To whom it may concern:

_[signature]_ _____ Date: 10/19/99

Diagnosis: 354.0  727.03  726.9  354.2 was seen in this office on 10/19/99

Patient may return to: ☑ Work   ☐ School:

Estimated date: _____   Actual date: 10/25/99

☐ Full duty   ☐ Light duty

Patient is excused from physical education until: _____

**CRYSTAL CLINIC, INC.**
3975 Embassy Parkway • Akron, OH 44333

| | |
|---|---|
| ☐ Crystal Arthritis Center Division<br>*Suite 101* | 330-668-4045 |
| ☐ Orthopaedic Surgeons Division<br>*Suite 102* | 330-668-4040 |
| ☐ Summit Hand Center Division<br>*Suite 201* | 330-668-4055 |
| ☐ Falls Orthopaedic Surgeons Division<br>*437 Portage Trail, Cuyahoga Falls, OH 44221* | 330-929-9136 |

Remarks:

_[signature]_
Physician Signature

LISA M NJVS
Physician Name (printed)

**Fowler, Jan**

| | |
|---|---|
| **From:** | Fischer, Jessica |
| **Sent:** | Tuesday, October 19, 1999 10:06 AM |
| **To:** | Fowler, Jan |
| **Subject:** | RE: |

I hope it goes well.  Thanks for letting me know.

-----Original Message-----
**From:**  Fowler, Jan
**Sent:**  Tuesday, October 19, 1999 10:05 AM
**To:**  Fischer, Jessica
**Subject:**

JC,

My doctors office just called  me back from a call that I put in this morning and said that  they want me to come in at 11:00am today.

*Jan D. Fowler*

1

## Fowler, Jan

| | |
|---|---|
| **From:** | Savene, Susan |
| **Sent:** | Tuesday, November 02, 1999 12:14 PM |
| **To:** | Fowler, Jan |
| **Cc:** | Fischer, Jessica |
| **Subject:** | FW: Attendance Question |

Jan,
I think I am a little crazy today.  I meant to send this email to you and not myself.
Susan

-----Original Message-----
| | |
|---|---|
| **From:** | Savene, Susan |
| **Sent:** | Tuesday, November 02, 1999 12:13 PM |
| **To:** | Savene, Susan |
| **Cc:** | Fischer, Jessica |
| **Subject:** | RE: Attendance Question |

Jan,
I need your help.  Please provide documentation from both of the physicians that you went to on October 20th for your personnel file.  Specifically the doctor's excuse needs to show the time the appointment was for and how long you were there.
Thank you for your cooperation.
Susan

-----Original Message-----
| | |
|---|---|
| **From:** | Savene, Susan |
| **Sent:** | Thursday, October 28, 1999 1:07 PM |
| **To:** | Fowler, Jan |
| **Subject:** | RE: Attendance Question |

Jan,
Were you at the doctor's office the entire 6 hours?
Susan

-----Original Message-----
| | |
|---|---|
| **From:** | Fowler, Jan |
| **Sent:** | Thursday, October 28, 1999 1:02 PM |
| **To:** | Savene, Susan |
| **Subject:** | RE: Attendance Question |

I went to a doctors appointment for my carpal tunnel.
*Jan D. Fowler*

-----Original Message-----
| | |
|---|---|
| **From:** | Savene, Susan |
| **Sent:** | Wednesday, October 27, 1999 4:20 PM |
| **To:** | Fowler, Jan |
| **Subject:** | Attendance Question |

Jan,
During my completion of the Time and Attendance of the P.E. 10/23/99 I noticed that on 10/20/99 you only worked 2 hours.  I need some explanation as to why you were only in for two hours on that day.
Thank you
Susan

1

OFFICE HOURS
BY APPOINTMENT

INTERNAL MEDICINE OF AKRON, INC.
THE PROFESSIONAL CENTER NORTH
75 ARCH STREET
SUITE 501
AKRON, OHIO 44304
FAX 330-376-0130

*Jeffrey M. Echman, M.*
Telephone (330) 376-2728
Answering Service (330) 379-030

*Erwin A. Masetall, M.D.*
Telephone (330) 376-1046
Answering Service (330) 379-0398

*Michael R. Gedeon, M.*
Telephone (330) 376-1071
Answering Service (330) 379-030

NAME __Jan. Fowler__ AGE _34_

ADDRESS __811 LEONARD ST__ DATE _11/16/9_
__AKRON OH__

| R | MEDICATION | STRENGTH | DOSAGE SCHEDULE | QUAN. | REFI TIME |
|---|---|---|---|---|---|
| 1) | This | patient | has an elevated | | |
| 2) | blood | pressure. We are trying to | | | |
| 3) | control her BP, she also has | | | | |
| 4) | carpel tunnel syndrome, she | | | | |
| | is under a lot of stress related | | | | |

Generic Equivalent Acceptable: ☐ Yes ☐ No these problems

_Dr. Masetall_



**CRYSTALCLINIC**
MUSCULOSKELETAL CENTER

**CRYSTAL CLINIC, INC.**

**SUMMIT HAND CENTER**
Thomas J Reilly MD
Nina M Njus MD
R William McCue MD
John W Dietrich MD
John X Biondi MD

**CRYSTAL ARTHRITIS CENTER**
Andrew C Raynor MD
David E Bacha MD
William C Wojno MD
James R Goske MD
David E Richter MD

**ORTHOPAEDIC SURGEONS**

*Montrose*
J Wei Ewing MD
Ivan A Gradisar Jr MD
Barry J Greenberg MD
Arne Melby III MD
Robert H Bell MD
Kenneth A Greene MD
Paul R Reisner Jr MD
Jeffrey S Noble MD
Christopher J Monteferrd
Scot D Miller DO
Ian J Alexander MD
Phillip J Lewandowski MD
Paul M Saluan MD

*Cuyahoga Falls*
Thomas F Bear MD
Timothy J Myer MD
Raymond W Acus III MD
Robert F Kepley MD

*Medina*
Mark M Musgrave MD

*Other Crystal Clinic Affiliates:*

**CRYSTAL CLINIC
SURGERY CENTER, INC.**

**ANESTHESIA & PAIN CENTER
OF AKRON, INC.**

**CRYSTAL PLASTIC SURGEONS, INC.**

**HAND REHABILITATION
ASSOCIATES, INC.**

**REHABILITATION &
HEALTH CENTER, INC.**

**SUMMIT REHABILITATION
MEDICINE, INC.**

**YANKE BIONICS CLINICS, INC.**

# SUMMIT HAND CENTER

November 12, 1999

**To:** Summa Health Systems

**From:** Nina M. Njus, M.D.

**Re:** Jan Fowler
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

Ms. Fowler has an excellent prognosis to be able to continue employment. At some point in time she may require a carpal tunnel release in order to be able to continue with data entry on a regular basis. She does have a mild carpal tunnel syndrome that is quite mild at this point in time. If this becomes more symptomatic and she fails conservative management, surgery may be indicated.

Please feel free to contact me if you have any questions.

Sincerely,

Nina M. Njus, M.D.
NMN/lh
T: 11-12-99

3975 EMBASSY PARKWAY / SUITE 201 / AKRON, OHIO 44333 / 330-668-4055 / 800-522-HAND (4263) / FAX 330-668-4077
Austintown Office: 45 N. CANFIELD NILES RD. / SUITE 2500 / AUSTINTOWN, OHIO 44515 / 330-792-9008
Canton Office: 4148 HOLIDAY ST., N.W. / CANTON, OHIO 44718 / 330-493-6983
Wooster Office: 1874 CLEVELAND RD. / WOOSTER, OHIO 44691 / 330-264-3132

| ✔ | Homegoing Instructions | ✔ | Homegoing Instructions | |
|---|---|---|---|---|
| | **Contact office of Dr.** | | | |
| | as soon as possible for an appointment to be | | | |
| | seen in ____ days | | Private | |
| | as needed | | | |
| | You may return to work or school on | | Weight bearing as tolerated | |
| | | ✔ | **Instruction Sheets Given** | Initials |
| | | | Medications | |
| | You have received medication which may make you | | Sprain/Strain | |
| | sleepy. DO NOT drive, drink alcohol or operate | | Wound/Steristrips | |
| | dangerous machinery today | | UTI/Urethritis/Vaginitis/PID/STD | |
| | | | Other | |

Thank you for choosing Summa Health System for your emergency care. You were seen today by Dr.

Internal Medicine Center (ACH Campus)
Ophthalmology Center (ACH Campus)
Specialty Center (ACH Campus)
Outpatient Clinic (SH Campus)
Locust Dental Clinic

**PLEASE NOTE:** Treatment in the Emergency Department is different than emergency care only. In order to serve the community at large, it is important that you see your physician for follow-up treatment. If you do not have a doctor, one will be assigned to you.

If you had X-Rays, your X-Rays were read by an Emergency physician while you were in the Emergency Department. The day following your visit, the X-Rays will be read again by a Radiologist who will prepare a written report that will be sent to your family physician.

If you had X-ray or laboratory tests during your ED visit and have a specific need to obtain copies of these results, please call the following Customer Service offices for further information.

If you are feeling worse or not improving, call your physician immediately or return to the Emergency Department.

Rx VOID

Rx VOID

Physician Signature

Print Physician Name

DEA Number

PATIENT COPY

SUMMA

HOMEGO

**Fowler, Jan**

| | |
|---|---|
| **From:** | Fowler, Jan |
| **Sent:** | Monday, November 15, 1999 3:41 PM |
| **To:** | Strauss, Tom; Casteel, Karen |
| **Subject:** | HARASSMENT |

Due to continued harassment, immediate example: Documentation of physicians appointment on October 20,1999 I am forced to take this matter outside of the hospital and seek legal representation.  No one else within my department has ever been required to give documentation that they had a physicians appointment let alone the time period that they were there.  I feel that this is a continuation of the many instances that I have been harassed due to my ethnic race and immediate work-related condition;carpal tunnel.  The continued harassment has also created a more recent condition of hypertension in which I am taking medication for as of Thursday, November 11,1999 when I was diagnosed after a meeting on Wednesday, November 10,1999 concerning the time period that I was gone for a nerve conduction study and a physicians appointment.  I have made you both aware of the continued harassment.  I spoke with you Tom on Wednesday, November 10th when you referred me to Karen.  Karen's office scheduled an appointment for Friday at 2:00 PM, from which I got no satisfaction as I also had not gotten in previous meetings held with her.  None-the-less the harassment continues as it always has over the past 2 years, which signifies to me that it is not a concern.
*Jan D. Fowler*

## Fowler, Jan

| | |
|---|---|
| **From:** | Fowler, Jan |
| **Sent:** | Wednesday, November 17, 1999 12:39 PM |
| **To:** | Fischer, Jessica |
| **Subject:** | RE: Work load/ Physician statement |

J.C.,
I will not be attending unless, Tom Strauss will be there.

> -----Original Message-----
> **From:** Fischer, Jessica
> **Sent:** Wednesday, November 17, 1999 12:30 PM
> **To:** Fowler, Jan
> **Cc:** Savene, Susan
> **Subject:** RE: Work load/ Physician statement
> **Importance:** High
>
> Jan-
> Maybe you thought this meeting would conflict with the Valuing Differences workshop, but it was cancelled.  Our
> meeting at 2:15 in Susan's office is mandatory.  See you then.
>
> > -----Original Appointment-----
> > **From:** Fowler, Jan
> > **Sent:** Wednesday, November 17, 1999 11:07 AM
> > **To:** Fischer, Jessica
> > **Subject:** Declined: Work load/ Physician statement
> > **When:** Wednesday, November 17, 1999 2:15 PM-3:00 PM (GMT-05:00) Eastern Time (US & Canada).
> > **Where:** Susan's Office

1

# Fowler, Jan

| | |
|---|---|
| **Subject:** | FW: Work load/ Physician statement |
| **Location:** | Susan's Office |
| | |
| **Start:** | Wed 11/17/1999 2:15 PM |
| **End:** | Wed 11/17/1999 3:00 PM |
| **Show Time As:** | Tentative |
| | |
| **Recurrence:** | (none) |
| | |
| **Meeting Status:** | Not yet responded |
| | |
| **Required Attendees:** | Strauss, Tom |

Hi Tom,
I am faxing a copy of a note from my physician concerning my condition and how all of this harassment is affecting my health. In addition to his statement Dr.Njus's office has also called me with concern for a phone call that was received this past Monday Nov.08, 1999, in which a lot of information was requested from Susan Savene. I was recently called in for a final written warning concerning my attendance due to carpal tunnel and my recent diagnosis of hypertension. If my work load was of any importance, it could have been discussed at that time, it is not a new item on the many agenda's that Susan Savene and J.C. Fischer and I have had.
Sincerely,

Jan D. Fowler
-----Original Appointment-----

| | |
|---|---|
| **From:** | Fischer, Jessica |
| **Sent:** | Wednesday, November 17, 1999 10:39 AM |
| **To:** | Fischer, Jessica |
| **Cc:** | Fowler, Jan; Savene, Susan |
| **Subject:** | Work load/ Physician statement |
| **When:** | Wednesday, November 17, 1999 2:15 PM-3:00 PM (GMT-05:00) Eastern Time (US & Canada). |
| **Where:** | Susan's Office |

1

# RETURN TO WORK OR SCHOOL

To whom it may concern:

_____ was seen in this office on _____ Date: 12-15-99

Diagnosis: _____

Patient may return to ☐ Work    ☐ School: _____

Appt @ 12:30 Alt @ 2:40

Estimated date: _____    Actual date: _____

☐ Full duty      ☐ Light duty

Patient is excused from physical education until: _____

**CRYSTAL CLINIC, INC.**
3975 Embassy Parkway • Akron, OH 44333

☐ Crystal Arthritis Center Division        330-668-4045
   *Suite 101*

☐ Orthopaedic Surgeons Division           330-668-4040
   *Suite 102*

☐ Summit Hand Center Division             330-668-4055
   *Suite 201*

☐ Falls Orthopaedic Surgeons Division      330-929-9136
   *437 Portage Trail, Cuyahoga Falls, OH 44221*

**Remarks:** _____

_____
Physician Signature

Nina M. Njus
Physician Name (printed)

You are a lifesaver Jan!!

Karl

-----Original Message-----
From:        Manby, Suzanne
Sent:        Wednesday, December 15, 1999 8:57 AM
To:  Simonson, Karl
Subject:        Pulse

Karl,

Here is the Getting to Know form.

Thank you!

Suzanne

<< File: Getting to Know.dot >>

| Tracking: | Recipient | Delivery | Read |
|---|---|---|---|
| | Simonson, Karl | Delivered: 12/17/1999 9:25 AM | Read: 12/17/1999 9:29 AM |

2

**Fowler, Jan**

| | |
|---|---|
| **From:** | Fowler, Jan |
| **Sent:** | Friday, December 17, 1999 9:25 AM |
| **To:** | Simonson, Karl |
| **Subject:** | RE: Pulse |

Good morning to you too Karl!
I sent you this e-mail yesterday, so everything has already been completed. (smile)  Have a good week-end, and happy holidays!

-----Original Message-----
**From:**     Simonson, Karl
**Sent:**      Friday, December 17, 1999 9:20 AM
**To:**        Fowler, Jan
**Subject:**  RE: Pulse

Good morning Jan,

I'm glad everything is working out.  I sure would like to work with more people who have such a positive attitude like you!  If you don't hear from Suzanne just let me know.

Thanks again,
Karl

-----Original Message-----
**From:**     Fowler, Jan
**Sent:**      Thursday, December 16, 1999 9:49 AM
**To:**        Simonson, Karl
**Subject:**  RE: Pulse

Hi Karl,

No problem, you are certainly welcome!  I actually kind of enjoyed doing the questionnaire!  Now if I can just get by the photo shoot!!!! (smile.)  I faxed over the questionnaire this morning to Suzanne, and I also called to set up the photo shoot but she was not there, so I left her a voice mail.
Thanks for the opportunity!
*Jan D. Fowler*

-----Original Message-----
**From:**     Simonson, Karl
**Sent:**      Wednesday, December 15, 1999 3:55 PM
**To:** Fowler, Jan
**Cc:** Manby, Suzanne
**Subject:**  FW: Pulse

Hi Jan,

Thanks again for agreeing to be our "Getting to Know... person for the December issue of the *Pulse*.  You can output the form to your laser printer and fill it out.  Please contact me or Suzanne if you have any questions.

You can contact Suzanne at 57117 to set up your photo shoot.  Tomorrow would be great if the photographers can work it into their schedules.  Also, when you have completed the form, just fax it back to Suzanne at 57936.

1

**Fowler, Jan**

| | |
|---|---|
| **From:** | Fowler, Jan |
| **Sent:** | Tuesday, December 28, 1999 1:05 PM |
| **To:** | Breedlove, Linda |
| **Subject:** | RE: Check Request |

Thanks!  You have a good New Year also!

-----Original Message-----
| | |
|---|---|
| **From:** | Breedlove, Linda |
| **Sent:** | Tuesday, December 28, 1999 9:01 AM |
| **To:** | Fowler, Jan |
| **Subject:** | RE: Check Request |

No problem.  Thanks for the feedback.  Believe me, I REALLY appreciate your efficiency so absolutely NO complaint.

Have a great New Year holiday!

Linda

-----Original Message-----
| | |
|---|---|
| **From:** | Fowler, Jan |
| **Sent:** | Monday, December 27, 1999 8:55 AM |
| **To:** | Breedlove, Linda |
| **Subject:** | RE: Check Request |

Good morning Linda,
I am sorry to have to inform you , but the check request for Medicode has already been processed.  The check was cut and mailed out on DECEMBER 23rd.
Sorry!
*Jan D. Fowler*

-----Original Message-----
| | |
|---|---|
| **From:** | Breedlove, Linda |
| **Sent:** | Thursday, December 23, 1999 9:59 AM |
| **To:** | Fowler, Jan |
| **Subject:** | Check Request |

Jan,

I spoke to Mary on Thursday---hopefully she already found this.

I sent you a check request for Medicode in the amount of $158.85.  Please pull that request and send it back to me--DON'T fill and send.  If you will just return the original to me that will be great.

You may want to see if Mary already found....she was going to look for me today.

Hope you had a great holiday.

Season's Greetings!

Linda

**Tracking:**           Recipient                    Delivery                    Read

1

## Fowler, Jan

| | |
|---|---|
| **From:** | Fowler, Jan |
| **Sent:** | Tuesday, December 28, 1999 2:33 PM |
| **To:** | Savene, Susan |
| **Cc:** | Wisniewski, Rich |
| **Subject:** | Time Off. |

Susan,
I submitted an additional request for Thursday, December 30th off. As you may recall I requested some time off this summer , for the holiday season, and at that time I was told that I would have to wait in order to get the time off approved, due to not enough hours of PTO time at the time it was requested. I submitted another form on December 20th 1999 and JC told me that she would have to wait to see what the work flow was like. This morning Mary gave me a request off form to sign for Thursday off . After getting the rest of the team members signature it was given to JC. JC came to me this morning to let me know that Mary was requesting Thursday off also, she said she did not know how the policy worked as far as who would get the day off, but she just wanted to let me know. Unfortunately,JC was ill this morning and had to leave, but before leaving she gave Mary her request for the day off with her approval on it. I am addressing this issue with you because I do not know if JC will be back in tomorrow, and also due to timing of this issue. I still have not gotten an approval for Thursday off yet and I need to have a response. Can you please get back to me regarding this issue as soon as possible.
Thank You!

*Jan D. Fowler*

| Tracking: | **Recipient** | **Delivery** |
|---|---|---|
| | Savene, Susan | Delivered: 12/28/1999 2:33 PM |
| | Wisniewski, Rich | Delivered: 12/28/1999 2:33 PM |

1

# RETURN TO WORK OR SCHOOL

To whom it may concern: _____ was seen in this office on _____ Date: 2-10-99

Diagnosis: 354.8

Patient may return to ☐ Work ☐ School:

Estimated date: 3-10-99          Actual date: _____

☐ Full duty          ☐ Light duty

Patient is excused from physical education until: _____

**CRYSTAL CLINIC, INC.**
3975 Embassy Parkway • Akron, OH 44333

☐ Crystal Arthritis Center Division          330-668-4045

☐ Orthopaedic Surgeons Division          330-668-4040

☐ _____ Center Division          330-668-4055

☐ Falls Orthopaedic Surgeons Division          330-929-9136
437 Portage Trail, Cuyahoga Falls, OH 44221

**Remarks:** _____

Physician Signature _____

Physician Name (printed) _____

**Niutta, Teri**

| | |
|---|---|
| **From:** | Niutta, Teri |
| **Sent:** | Tuesday, March 09, 1999 9:21 AM |
| **To:** | Fowler, Jan |
| **Cc:** | Savene, Susan; Theis, Sue; McLeod, Cynthia |
| **Subject:** | LOA |

Good Morning,

Glad to hear you made it back to work.  However I still need the medical documentation that was requested in February.  The dead line to receive it was 3/5/99.  I must have it today, it can be faxed to me by your physician at 996-8508.  If I don't receive it I may need to pursue the removal form payroll.  Call me if you have any questions, x68500.

Teri

*Urgent Mail. 3/8/99  1:50Pm*

*Jan, I Needed To Make Sure You Received*

*Thanks*
*Teri*

1

**Fowler, Jan**

| | |
|---|---|
| **To:** | Mills, Amy |
| **Cc:** | Savene, Susan Wilhoite, David |
| **Subject:** | Ergonmic Evaluation of Workstation |

Hi Amy,

Dr. Njus ordered an ergonomic evaluation of my workstation back in January or February and it still has not been done. I spoke with you last week concerning a message sent to you about three weeks ago addressing this issue. You told me that you would be contacting the person responsible for this and getting back to me to let me know when she would be here since she works part-time at the Lakemore facility. It is the end of the week and I still have not heard anything and my Tendonitis is starting to bother me again. I requested that I be given an ergonomic keyboard and Susan Savene denied the request until this evaluation has taken place. I understand the denial because I am not sure whether this is the best thing for my workstation since you mentioned the possibility of a drop down keyboard. The evaluation of my workstation requested by Dr. Njus needs to happen soon so that I can continue to be a productive member of my Accounts Payable Team.

Sincerely,
Jan Fowler

1

# SUMMA EMPLOYEE HEALTH FORM

ACH    STH    SUMMA CENTER

# 20007

| NAME Jan D. Fowler | | | DATE 3/31/99 | TIME |
|---|---|---|---|---|
| DEPT 90059 – Finance | JOB AP - Rep | DATES ABSENT | SUPERVISOR SIGNATURE | |

---

**SUPERVISOR USE:**    **EMPLOYEES MUST REPORT TO EMPLOYEE HEALTH FOR ILLNESS**
OR INJURY DURING HOURS: 7:00 a.m.-3:30 p.m. MON-FRI.

This employee was sent off duty to:    _____ Employee Health        _____ Physician's office

_____ Emergency Department    _____ Home

Chief Complaints/Comments:

_____

_____

_____

Special Instructions for supervisor to review with the employee:

- If your symptoms persist or worsen, please call your physician, or go to the Emergency Department.
- If you are off work three days or more, you must clear through the Employee Health Center with a note from your Physician.

Employee Signature  X _____

---

**EMPLOYEE HEALTH CENTER/EMERGENCY DEPARTMENT USE:**

Employee to be seen in the Emergency Department for evaluation of:

_____

_____

_____

Employee Health Signature _____

For illness or injury:

_____ Employee may return to duty today.

_____ Employee may not return to duty.

Time Released_____

For return to work after absence:

_____ Employee will return to work _____
                                                    date

X  Return to work denied.

Employee Health/ED Physician Signature:  T. Bennett RN

# Fowler, Jan

**From:** Savene, Susan
**Sent:** Monday, March 29, 1999 10:34 AM
**To:** Fowler, Jan
**Subject:** RE: Physicians appointment.

Thanks that sound like it will work.  Just make sure that you document this way the time is to be paid in the attendance book.
Susan

-----Original Message-----
**From:** Fowler, Jan
**Sent:** Monday, March 29, 1999 10:32 AM
**To:** Savene, Susan
**Subject:** RE: Physicians appointment.

I have not decided yet it all depends on what time I get back.  Because if I take a lunch and I leave at 8:15 and if I am seen on time, which is 9:00 there is really no way to make it back by 9:15.  So I guess it will have to be PTO time.
Jan

-----Original Message-----
**From:** Savene, Susan
**Sent:** Monday, March 29, 1999 10:22 AM
**To:** Fowler, Jan
**Subject:** RE: Physicians appointment.

Then I would say it is o.k. to come in at 7:00 and leave at 8:15.  Will you be taking your lunch time while you are gone or will this be PTO?
Susan

-----Original Message-----
**From:** Fowler, Jan
**Sent:** Monday, March 29, 1999 10:05 AM
**To:** Savene, Susan
**Subject:** RE: Physicians appointment.

Susan,
I am really unsure as to how long it would take to get there from here.  And I would like to get there at least fifteen minutes prior to my appointment time since the office is always so busy.
"Jan"

-----Original Message-----
**From:** Savene, Susan
**Sent:** Monday, March 29, 1999 9:56 AM
**To:** Fowler, Jan
**Subject:** RE: Physicians appointment.

Jan,
I would prefer that you get as much as possible.  It only takes 1/2 hour to get to Crystal Hand Center in Montrose doesn't it?
Susan

-----Original Message-----
**From:** Fowler, Jan
**Sent:** Monday, March 29, 1999 9:55 AM
**To:** Savene, Susan
**Subject:** RE: Physicians appointment.

I don't know whether it is worth coming in for an hour, I will not be able to accomplish much work.  My appointment is at the Crystal Hand Center.

-----Original Message-----
**From:** Savene, Susan
**Sent:** Monday, March 29, 1999 9:31 AM
**To:** Fowler, Jan

1

## Fowler, Jan

| | |
|---|---|
| **From:** | Savene, Susan |
| **Sent:** | Monday, March 29, 1999 10:03 AM |
| **To:** | Fowler, Jan |
| **Subject:** | RE: jan agenda |

Why so early?
susan

-----Original Message-----
**From:** Fowler, Jan
**Sent:** Monday, March 29, 1999 9:57 AM
**To:** Savene, Susan
**Subject:** RE: jan agenda

If I come in to work I will need to be leaving around 8:00.
"Jan"

-----Original Message-----
**From:** Savene, Susan
**Sent:** Monday, March 29, 1999 9:55 AM
**To:** Fowler, Jan
**Subject:** RE: jan agenda

how about 3/30 at 8:00

-----Original Appointment-----
**From:** Fowler, Jan
**Sent:** Monday, March 29, 1999 9:47 AM
**To:** Savene, Susan
**Subject:** Declined: jan agenda
**When:** Wednesday, March 31, 1999 8:30 AM-9:30 AM (GMT-05:00) Eastern Time (US & Canada).
**Where:**

I already have something scheduled for Wednesday at 9:00.
"Jan"

1

**Sent:**    Tuesday, February 29, 2000 4:05 PM
**To:**      Fowler, Jan
**Subject:**  Work Load

Jan-

We talked Friday about your backlog and work load.  This e-mail is to document our conversation.  As we discussed, I noticed that you had a backlog of work on your desk Friday morning.  I was checking to see what the team could help you with, since you called in and said you didn't know what time you would be able to make it in.  There were over 30 check requests from the 23rd and 24th as well as a large stack of invoices to be entered at your desk, and about an equal amount in your mail box.  I was concerned because I did not know that you were falling behind.

We discussed the following reasons for the backlog:
1. You told me that you were being bombarded with check requests and did not have much time to devote to invoices.
2. The new procedures requiring a VP signature on check requests over $1000.00 is slowing your processing down.
3. You did not feel that your hands were slowing you down, but that your volume of work overall was high. Additional causes for the backlog may be that you had the day off Monday, and called off for part of the day on Friday.

You mentioned that you may need to work overtime to catch up on your work, but that is not a possibility.  You have a doctor's note limiting you to 40 hours of work per week.  As we discussed, I plan to put controls into place so that I can keep track of each AP Rep's workload and status.  Until we have established these procedures I will be asking you for an update on the status of your work periodically.

I also showed you several spreadsheets that summarized how many invoices each team member has entered on a weekly basis.  We discussed the information on the spreadsheets and I explained the I do not compare AP reps to each other.  I consider an AP Reps job responsibilities when examining how much has been entered during the work week.  Over the past 4 weeks you have averaged about 200 lines per week.  I feel that an average of 350 to 450 lines per week is a more suitable number considering your other responsibilities.  If your entry gets up to the 350 to 450 lines per week, and you still have a backlog, then it would be reasonable to reevaluate your workload.  Just for comparison, AP Reps without the responsibility of processing voids, average 600 lines per week. This excludes the AP Rep that enters high volume inventory invoices, who averages 1500 lines per week .

It is very important to concentrate on getting caught up this week.  Especially since it is month end.  All of us like to take breaks and chat for a little bit during the day; I think I am pretty relaxed about that with everybody.  But it can't keep us from getting the work done.  I don't want departments to be able to point the finger at AP and say that our backlog is throwing off their budgets.  If other people are visiting at your desk and keeping you from getting your work done, please let me know.  I would be happy to talk to the individuals that come by to socialize.  Just let me know who.

**Tracking:**         **Recipient**              **Delivery**

                     Fischer, Jessica           Delivered: 03/01/2000 6:39 PM

                     Wisniewski, Rich           Delivered: 03/01/2000 6:39 PM

                     Wilhoite, David            Delivered: 03/01/2000 6:39 PM

                     Harrigan, Robert           Delivered: 03/01/2000 6:39 PM

                     Strauss, Tom               Delivered: 03/01/2000 6:39 PM

## Fowler, Jan

| | |
|---|---|
| **From:** | Fowler, Jan |
| **Sent:** | Wednesday, March 01, 2000 6:39 PM |
| **To:** | Fischer, Jessica |
| **Cc:** | Wisniewski, Rich; Wilhoite, David; Harrigan, Robert; Strauss, Tom |
| **Subject:** | RE: Work Load |

JC,

Some of the things listed below concerning the invoice entry are true, but I think that once again, the things that were discussed between us were not exactly reiterated the way that they were discussed, and some things I left completely out ,because it was time consuming but it was taken care of! Some of the things that you failed to understand, was that, out of those 200 line entries 99.9% were check request, which takes a lot more time to enter, opposed to invoices. The first step for a check request or a travel request is to first see if the requested amount is $1000.00 or more. If the request is for that amount or more then you have to find out if the person who has signed the request is a vice president. If the person is not a VP then you have to make a copy of the request, fill out an information request form and address a yellow envelope and send both the original request and the information request form stating that anything over $1000.00 has to be signed by a VP back to the requestor and file away the copy. If the requestor has failed to list a return address then that is another search that has to be performed before you can send the request back. If the request is less than a thousand, then you have to check for the department number that is listed in the book filled with various numbers and authorized signors. If the department has no card, or the person who has signed it, is not listed as a authorized signor then you have to fill out the request for information form, letting them know that the person who has signed the request is not an authorized signor. If the person who has signed the request is an authorized signor for that department, then the next step is to see if they have the correct back up supporting the amount requested. If there is any problem with the back-up once again, you have to fill out the request for information form and then send the original request back, along with the form. 2. Another problem that I am having is that a lot of the work that was done for me, by you, were either sent to the wrong address or completely sent to the wrong vendor. I also have had a lot of errors from Melinda. It takes along time to research and find out what happened to the payment and then go back in and correct it. One of the errors that was made by you, caused us to go on credit hold and took an enormous amount of time to get resolved. The invoices that were entered by you were suppose to go to Olympic and instead they went to an address for Olympus, and Olympus deposited the check and the check was honored by our bank, which unfortunately left the Olympic invoices open. So I had to try to figure out how to get Olympic paid. Because the item needed was needed urgently for the care of a patient, this information was stated by the buyer.) So the most important thing was to get the item that was needed by our patient and secondly due to the position we have taken to pay vendors, I had to try to figure out how to get our money back from Olympus. It would have not been so hard if it would have been only one invoice, but it was a number of them. I just didn't say anything to you, I just preceded to do what it took to get what I needed accomplished! So once again this was interrupting my normal work-flow. This is just one example of the things I have had to correct that can some time take a considerable amount of time to get done. Actually I have received a lot of things back from Foundation Check Request and invoices that you or Melinda have entered to the wrong vendor or to the wrong vendor address. I haven't mentioned it in the past, because what was important was to in the first example get the equipment needed and in the second just to get the payment where it needed to be so that we would not have any more occurrences happen as it did in the first example given.

Also, maybe we should take a look at redistributing the work load so that it is more even. I think that the letter J-Z for check request tends to be very heavy at times. Especially when I am handling the letters J-O for invoices this also includes National Paper, a vendor that as you know, we do frequent business with and should probably be classified as a major vendor also. I know I have had people who have worked the utility position, express how many check request and invoices I get compared to everyone else . But I have always figured that "Hey, I am here for 8hrs., I might as well be busy!" (smile.)

Jessica, I also feel that this is just another attempt to have something to reprimand me about. I realized long before you said anything that my work was piling up, and that is why I told you that I would try to work some overtime to get as much of it done as possible. But of course you declined just as before when I told you that I would work as much overtime as I could to help out, but the overtime would have to be limited so that I would not burn my hands out. I guess if you didn't want it then, why would you want it now?

Sincerely,
**Jan D. Fowler**

| | |
|---|---|
| **From:** | Fischer . , Jessica |

1

Employment Standards Administration
Wage & Hour Division

Certification of Health Care Provider
(Family and Medical Leave Act of 1993)

## SECTION 1 *(To Be Completed By the Physician)*

*Claimant 6*

1.  Employee's Name:

2.  Patient's Name (If different from employee):

3.  Patient's Relationship to Employee:

4.  The attached sheet (green copy) describes what is meant by a "serious health condition" under the Family and Medical Leave Act. Does the patient's condition [1] qualify under any of the categories described? If so, please check the applicable category:

    (1)_____ (2)_____ (3)_____ (4)__✓__ (5)_____ (6)_____, or None of the above_____

5.  Describe the medical facts which support your certification, including a brief statement as to how the medical facts meet the criteria of one of these categories:

    — numbness          — Hypertension
    — weakness          — BPT.

6a.  State the approximate date the condition commenced, and the probable duration of the condition (and also the probable duration of the patient's present incapacity [2] if different):

    11/98

6b.  Will it be necessary for the employee to take work only intermittently __✓__ or to work on a less than full schedule as a result of the condition (including for treatment described in Item 7 below)? _____

    If yes, give the probable duration:          Tingling, numbness of hand

6c.  If the condition is a chronic condition (see green copy, condition #4) or pregnancy, state whether the patient is presently incapacitated [2] and the likely duration and frequency of episodes of incapacity [2]:    yes.    1-2 week

7a.  If additional treatments will be required for the condition, provide an estimate of the probable number of such treatments

    — Splints          — Surgery
    — local injections

    If the patient will be absent from work or other daily activities because of treatment on an intermittent or part-time basis, also provide an estimate of the probable number and interval between such treatments, actual or estimated dates of treatment if known, and period for recovery if any:

    — yes physical therapy
    — injection

7b.  If any of these treatments will be provided by another provider of health services (e.g. physical therapist), please state the nature of the treatments:

    yes

7c.  If a regimen of continuing treatment by the patient is required under your supervision, provide a general description of such regimen (e.g. prescription drugs, physical therapy requiring special equipment):    Drugs, Splint

    **Section 1 Continued Next Page**

[1] Here and elsewhere on this form, the information sought relates only to the condition for which the employee is taking FMLA leave.
[2] "Incapacity", for purposes of FMLA, is defined to mean inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefor, or recovery therefrom.

Form WH-380
December 1994
Revised 02/10/2000

8a.  If medical leave is required for the employee's absence from work because of the employee's own condition (including absences due to pregnancy or chronic condition), is the employee unable to perform work of any kind?

*yes 1 - 2 wk*

8b.  If able to perform some work, is the employee unable to perform any one or more of the essential functions of the employee's job (the employee or the employer should supply you with information about the essential job functions)? _____ If yes, please list the essential functions the employee is unable to perform:

*No cannot use hands*

8c.  If neither a. nor b. applies, is it necessary for the employee to be absent from work for treatment?

*yes*

9a.  If leave is required to care for a family member of the employee with a serious health condition, does the patient require assistance for basic medical, personal needs or safety, or for transportation?

9b.  If no, would the employee's presence to provide psychological comfort be beneficial to the patient or assist in the patient's recovery?

9c.  If the patient will need care only intermittently or on a part-time basis, please indicate the probable duration of this need:

| *W. Maseelall MD* | *Erwin A. Maseelall M.D.* | *4/10/00* |
|---|---|---|
| (Signature of Health Care Provider) | (Name of Health Care Provider) Print | (Date) |
| *75 Arch St. Ste. 501* | *(330) 376-1046* | *(330) 376-0130* |
| (Street) | (Phone Number) | (Fax Number) |
| *Akron, OH 44304* | *Internal Medicine* | |
| (City, State, Zip) | (Type of Practice) | |

## SECTION 2  *To Be Completed By The Employee NEEDING FAMILY LEAVE TO CARE FOR A FAMILY MEMBER:*

Describe the care you will provide and estimate the period of time during which care will be provided. Include a schedule if leave is to be taken intermittently or if it will be necessary for you to work less than a full work schedule:

## SECTION 3  *To Be Completed By The Employee*

By signing below, I authorize the health care provider to provide any necessary medical information to my employer, Summa Health System (or its authorized physician representative) with respect to my own or my family member's medical condition for purposes of clarification and/or authentication of the above information.  I understand that falsification of any information contained in this form will result in immediate termination of my employment with Summa Health System.

| _____ | *4/7/00* | *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* |
|---|---|---|
| (Employee Signature) | (Date) | (Employee Social Security #) |

Return to:    Disability Management Department, Summa Health System, 444 N. Main Street, Suite 320, Akron, OH  44310
Phone:  (330) 379-5330          Fax:  (330) 379-5875

Form WH-380
December 1994
Revised 02/10/2000

**Fowler, Jan**

| | |
|---|---|
| **From:** | Fischer, Jessica |
| **Sent:** | Thursday, March 02, 2000 8:03 AM |
| **To:** | Fowler, Jan |
| **Subject:** | RE: Physicians Appointment |

Thanks for letting me know.

-----Original Message-----
| | |
|---|---|
| **From:** | Fowler, Jan |
| **Sent:** | Thursday, March 02, 2000 7:22 AM |
| **To:** | Fischer, Jessica |
| **Cc:** | Wisniewski, Rich; Wilhoite, David; Harrigan, Robert; Strauss, Tom |
| **Subject:** | Physicians Appointment |

My blood pressure has risen once again, and my physician would like to see me this morning. So I will be leaving to go to his office sometime between 7:30 and 8:00 this morning.

*Jan D. Fowler*



**SUMMA**
*Health System*

*Thomas J. Strauss*
*President and CEO*

*525 East Market Street*
*P.O. Box 2090*
*Akron, Ohio 44309-2090*
*Phone (330) 375-3000*
*Fax (330) 375-3050*

May 10, 2000

Jan Fowler
811 Leonard Street
Akron, Ohio 44307

Dear Ms. Fowler:

The following is written in follow-up to our telephone discussion of last week. You requested that I put in writing the discussion we had regarding your separation from Summa Health System. Since you stated that you are not represented by legal counsel at this time, it is appropriate for me to directly communicate with you.

We had talked about the confusion over the submission of your FMLA paperwork which you believe unfairly resulted in your discharge. You made reference to feeling continuing harassment in the Accounts Payable Department and not wanting to return to such a work environment or to Summa. In discussing future plans, you indicated a desire to complete the last two years of college in pursuit of a Counseling degree at either the University of Akron or Kent State University. To address your feelings of mistreatment and to resolve any issues you may have with Summa over your separation, I indicated that I would be willing to propose to hospital administration having Summa contribute the cost of tuition for your last two years of college.

Please call me to further discuss the proposal. If you would be interested in entering into such agreement, I will present the proposal to hospital administration and request its approval.

Sincerely,

Robert J. Pietrykowski

*Akron City Hospital*
*St. Thomas Hospital*